NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICHARD A. RODRIGUEZ, | ) | No. C 11-00179 JF (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| F. X. CHAVEZ, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a California inmate proceeding pro se, seeks a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction. Petitioner has paid the filing fee. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

Petitioner was found guilty by a jury in Santa Clara County Superior Court of robbery, aggravated assault, and a gang enhancement. (Pet. 2.) Petitioner was sentenced to fifteen years to life in state prison. (Id.)

Petitioner appealed his conviction, with the state high court denying review in

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.11\00179Rodriguez_osc.wpd
1

2010.  (Id. at 3.)  Petitioner filed the instant federal petition on January 12, 2011.

**DISCUSSION**

**A.     Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief, Petitioner claims the following: 1) Petitioner was denied his right under the Sixth Amendment confrontation clause; 2) the prosecution rendered the trial unfair by presenting "crime evidence purely for its inflammatory and prejudicial effect"; 3) there was insufficient evidence to support the gang enhancement; and 4) the trial court gave erroneous jury instruction with respect to the aggravated assault charge and trial counsel rendered ineffective assistance for failing to obtain the proper instructions; and 5) the sentence violates the Fifth Amendment prohibition against multiple punishment.  Liberally construed, Petitioner's claims are cognizable under § 2254.  The Court orders Respondent to show cause why the petition should not be granted.

**CONCLUSION**

1.     The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on the Petitioner.

2.     Respondent shall file with the Court and serve on Petitioner, **within sixty**

Order to Show Cause
P:\PRO-SE\SJ.JF\HC.11\00179Rodriguez_osc.wpd

2

1 **(60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of
2 the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus
3 should not be granted.  Respondent shall file with the answer and serve on Petitioner a
4 copy of all portions of the state parole record that have been transcribed previously and
5 that are relevant to a determination of the issues presented by the petition.

6       If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
7 with the Court and serving it on Respondent **within thirty (30) days** of that the answer is
8 filed.

9       3.    Alternatively, Respondent may, within **sixty (60) days** of the date this order
10 is filed, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in
11 the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If
12 Respondent files such a motion, Petitioner shall file with the Court and serve on
13 Respondent an opposition or statement of non-opposition **within thirty (30) days** of the
14 date the motion is filed, and Respondent shall file with the court and serve on Petitioner a
15 reply **within fifteen (15) days** of the date any opposition is filed.

16       4.    It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded
17 that all communications with the Court must be served on respondent by mailing a true
18 copy of the document to Respondent's counsel.  Petitioner must keep the Court and all
19 parties informed of any change of address by filing a separate paper captioned "Notice of
20 Change of Address."  He must comply with the Court's orders in a timely fashion.
21 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
22 to Federal Rule of Civil Procedure 41(b).

23       IT IS SO ORDERED.
24 DATED: __4/20/11_____      _____
25                                                                             JEREMY FOGEL
                                                                            United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RICHARD RODRIGUEZ,

        Petitioner,

  v.

F.X. CHAVEZ, Warden,

        Respondent.

Case Number: CV11-00179 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 4/29/11, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard A. Rodriguez G-16766
Sierra Conservation Center
5150 O'Burnes Ferry Road
Jamestown, CA 95327

Dated: 4/29/11

                                            Richard W. Wieking, Clerk